NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000830
21-AUG-2014
08:21 AM**

NO. CAAP-14-0000830

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CONTINENTAL PACIFIC, LLC, by their Managing Agent,
ELITE PACIFIC PROPERTIES, LLC, Plaintiff-Appellee,
v.
JOHN WESLEY ERRETT and KAY ANNE KROEHLER, Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1RC13-1-6195)

ORDER GRANTING THE JULY 3, 2014 MOTION TO DISMISS APPEAL
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Upon consideration of "Plaintiff-Appellee Continental Pacific, LLC's [(Appellee)] Motion to Dismiss Appeal" (Motion to Dismiss) and the papers in support, filed on July 3, 2014, the "Memorandum in Opposition to Motion to Dismiss" (Opposition) by John Wesley Errett and Kaye Anne Kroehler (collectively, Appellants), filed on July 24, 2014, the attachment thereto, and the record and files herein,[1] the Motion to Dismiss is granted.

---

[1] We note that Appellee filed a reply to Appellants' Opposition on July 31, 2014. However, Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 27 does not authorize a reply and Appellee did not seek permission of this court to file a reply. We, therefore, will not consider Appellee's reply in deciding the Motion to Dismiss.

On May 15, 2014, Appellants filed a notice of appeal, through which they appeal from the April 23, 2014 Judgment for Possession, which was accompanied by the April 23, 2014 Writ of Possession, and also challenge the following, all filed in the District Court of the First Circuit (District Court):

A. Memorandum of Decision and Order as to Summary Possession, filed by Judge Melanie May on April 16, 2014;

B. Order Denying Defendants' Motion to Enforce Subpoena of 11/14/2013 and stay destruction of video tapes;

C. Order Denying Defendants' Motion to Dismiss on March 28, 2014;

D. Denial of Defendants' Motion to Disqualify Judge Melanie May on March 4, 2014;

E. Denial of Motion for Reconsideration to Admit Rebuttal Evidence on March 10, 2014;

F. Denial of Defendants' oral request for Judge May to order Judge Richardson to turn over all communication that she received from Judges sitting on related case;

G. Denial of Defendants' Motion to Allow Testimony of Fingerprint Expert;

H. Rulings on February 25 and 25, 2014 that limited the time to present Defendants' case.

Although the Judgments for Possession did not resolve all the claims in the underlying cases, the Hawai'i Supreme Court has recognized an exception to the finality requirement under the Forgay doctrine. See Forgay v. Conrad, 47 U.S. 201 (1848); Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995). Under the Forgay doctrine, "[w]e have jurisdiction to consider appeals from judgments which 'require immediate execution of a command that property be delivered to the appellant's adversary, and the losing party would be subjected to irreparable injury if appellate review had to wait the final outcome of the litigation.'" Ciesla, 78 Hawai'i at 20, 889 P.2d at 704

-2-

(citation and brackets omitted). For this appeal, however, we conclude that the appeal must be dismissed because it is moot.

In Hamilton ex rel. Lethem v. Lethem, 119 Haw. 1, 5, 193 P.3d 839, 843 (2008), the Hawai'i Supreme Court stated:

It is well-settled that:

> The mootness doctrine is said to encompass the circumstances that destroy the justiciability of a suit previously suitable for determination. Put another way, the suit must remain alive throughout the course of litigation to the moment of final appellate disposition. Its chief purpose is to assure that the adversary system, once set in operation, remains properly fueled. The doctrine seems appropriate where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal -- adverse interest and effective remedy -- have been compromised.

Lathrop [v. Sakatani], 111 Hawai'i [307,] 312-13, 141 P.3d [480,] 485-86 (citations omitted) (format altered); see also In re Doe Children, 105 Hawai'i 38, 57, 93 P.3d 1145, 1164 (2004) (stating that "the two conditions for justiciability relevant on appeal [are] adverse interest and effective remedy").

Hamilton v. Lethem, 119 Hawai'i 1, 5, 193 P.3d 839, 843 (2008).

"A case is moot if it has lost its character as a present, live controversy of the kind that must exist if courts are to avoid advisory opinions on abstract propositions of law." Kona Old Hawaiian Trails Grp. v. Lyman, 69 Haw. 81, 87, 734 P.2d 161, 165 (1987) (internal quotation mark, brackets, and citation omitted). Further, "a case is moot if the reviewing court can no longer grant effective relief." Kaho'ohanohano v. State, 114 Hawai'i 302, 332, 162 P.3d 696, 726 (2007) (internal quotation marks, brackets, emphasis, citation, and block quotation format omitted).

In this case, it is undisputed that Appellants have vacated their property. Appellants signed an agreement dated April 24, 2014, in which they agreed to vacate the property by

May 15, 2014 in exchange for Appellee waving its claims "for damages, attorneys' fees, and/or costs incurred in the summary possession case against [Appellants]." We note that Appellants argue that the agreement was subsequently invalidated for various reasons.

However, regardless of the validity of the agreement to vacate, Appellants have vacated their property and it appears that the writ of possession was not executed. "The termination of possession without execution of a writ of possession moots all questions about the validity of the order authorizing the issuance of the writ of possession and the writ itself." Crown Properties, Inc. v. Financial Sec. Life Ins. Co., Ltd., 6 Haw. App. 105, 112, 712 P.2d 504, 509 (1985).

Furthermore, Appellants' lease has terminated, and Appellants have not demonstrated an entitlement to regain possession based on their lease, even if this court were to vacate the Judgments for Possession. Accordingly, this appeal is moot. See Exit Co Ltd. P'ship v. Airlines Capital Corp., Inc., 7 Haw. App. 363, 366, 766 P.2d 129, 131 (1988) (determining in a summary possession case that an appeal from a judgment for possession is moot where the appellant legally cannot regain possession of the subject premises, i.e., the Lease is "not subject to renewal or extension," should the judgment for possession be vacated by the appellate court).

To the extent that Appellants purport to appeal from orders that involve matters that are independent of, and not resolved by, the Judgment for Possession on which this Forgay

-4-

appeal is based, such orders are interlocutory and are not subject to review in this appeal.

IT IS HEREBY ORDERED that the Motion to Dismiss is granted. The appeal in CAAP-14-0000830 is dismissed.

DATED: Honolulu, Hawai'i, August 21, 2014.

Chief Judge

Associate Judge

Associate Judge